UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JEFFREY LEE CADARETTE,

Case No. BG 19-03329
Chapter 7

Debtor.
_____/

**ORDER TO SHOW CAUSE AND REQUIRING RESPONSE
FOR ALLEGED VIOLATION OF THE AUTOMATIC STAY
BY THE MICHIGAN DEPARTMENT OF CORRECTONS**

PRESENT:  HONORABLE JAMES W. BOYD
United States Bankruptcy Judge

On September 23, 2019, Debtor[1] filed a letter with the court alleging that the Michigan Department of Corrections ("MDOC") had violated the automatic stay after the filing of his bankruptcy petition by deducting his funds from his MDOC Trust Account ("Letter" at Dkt No. 15).  On September 26, 2019, this court entered an *Order Denying Debtor's Request Regarding § 341 Meeting of Creditors and Scheduling Hearing Regarding Alleged Violations of the Automatic Stay by the Michigan Department of Corrections* ("Order" at Dkt. No. 16).  The Order was served on the Debtor, the Director of the Michigan Department of Corrections, the Department of Attorney General for the State of Michigan, the Chapter 7 Trustee, and the Office of the United States Trustee.  The hearing was scheduled for November 21, 2019 at 9:00 a.m.

MDOC did not file a response to the Debtor's Letter and failed to appear at the November 21, 2019 hearing.  The Debtor telephonically appeared at the hearing.  He represented to the court that the MDOC was aware of his bankruptcy filing and that, MDOC continues to deduct monies placed in his MDOC trust account to pay for obligations that were properly scheduled in his bankruptcy.[2]

Based upon the record before it, the court determined to issue this *Order to Show Cause* to require a response by the MDOC regarding the alleged violation of the automatic stay and the continuing efforts to collect or recover on a claim against the Debtor that arose before the commencement of the case.  *See* 11 U.S.C. § 362(a)(1).

---

[1] The Debtor is currently incarcerated at a correctional facility operated by MDOC.
[2] The Debtor's Schedule E/F lists "Michigan Department of Corrections" as holding two unsecured obligations in the amounts of $6,588.24 and $50,717.19.  Schedule E/F, Dkt. No. 1-1, Pg 15.

NOW, THEREFORE, IT IS HEREBY ORDERED that by no later than **December 12, 2019**, MDOC shall file a written response to this order, including an affidavit or solemn declaration under 28 USC 1746, explaining:

1. Why the post-petition deduction of monies from Debtor's MDOC trust account does not violate 11 U.S.C. § 362(a)(1);

2. Why MDOC should not be held in contempt of court for violation of the automatic stay imposed by 11 U.S.C. § 362(a); and

3. Why MDOC should not be subject to damages for willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

The court may treat the failure to file a response in conformance with this Order as consent to the court's entry of an order finding MDOC in contempt and awarding other relief.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon:

Jeffery Lee Cadarette
2500 S. Sheridan Drive
EC Brooks Correctional Facility
Muskegon, MI 49444

Heidi E. Washington, Director
Michigan Department of Corrections
P.O. Box 30003
Lansing, MI 48909

State of Michigan
Department of Attorney General
ATTN:  Corrections Division
G. Mennen Williams Building
4th Floor
525 W. Ottawa Street
Lansing, MI  48909

Heidi E. Washington, Director
Michigan Department of Corrections
206 E. Michigan Avenue
Lansing, MI 48909

Office of the United States Trustee
The Ledyard Building, 2nd Floor
125 Ottawa N.W., Suite 200R
Grand Rapids, MI 49503

Jeff A. Moyer, Chapter 7 Trustee
(via CM-ECF notification);

END OF ORDER

**IT IS SO ORDERED.**

Dated November 27, 2019



James W. Boyd
United States Bankruptcy Judge